UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

JAIME AUGUSTO RONCANCIO, CESAR AUGUSTO VARGAS GONZALEZ, ARMANDO TRINIDAD CANO MIRANDA, and all others similarly situated

   Plaintiffs,

vs.

ROSALIA'S, INC., a Florida Corporation, and MANUEL PAUCAR, individually,

   Defendants.
_____/

# **COMPLAINT**

COME NOW Plaintiffs, JAIME AUGUSTO RONCANCIO, CESAR AUGUSTO VARGAS GONZALEZ, ARMANDO TRINIDAD CANO MIRANDA, by and through their undersigned attorneys, and hereby sue Defendants, ROSALIA'S, INC., a Florida Corporation, and MANUEL PAUCAR, individually, and as grounds allege:

JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime pay under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. Plaintiff RONCANCIO is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff CANO MIRANDA is a resident of Broward County, Florida, within the jurisdiction of Southern District of Florida.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant ROSALIA is a Florida corporation which regularly conducted business within the Southern District of Florida which operated a restaurant.

6. ROSALIA is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, ROSALIA operated as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and ROSALIA obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. ROSALIA purchased food ingredients which were produced, manufactured, or grown outside the State of Florida. Two or more employees handled these goods that had previously traveled in interstate commerce. ROSALIA also purchased food related materials and equipment, including but not limited to pots, pans, trays, utensils and flatware, glasses and cups, plates, stoves and ovens, refrigerators, which were produced or manufactured outside the State of Florida. Two or more employees handled or used these materials that had previously traveled in interstate commerce. ROSALIA's location is within Aventura Mall, which is frequented by out-of-state travelers. Accordingly, ROSALIA would frequently serve out-of-state customers and swiped their credit cards, which were processed by financial institutions located outside the State of Florida.

7. By reason of the foregoing, ROSALIA is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

8. The individual Defendant, PAUCAR, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs. Defendant PAUCAR controlled the purse strings for the corporate Defendant. Defendant PAUCAR hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

## COUNT I: UNPAID OVERTIME WAGES

9. Plaintiffs re-allege and re-avers paragraphs 1 through 8 as fully set forth herein.

10. Defendant ROSALIA operates a restaurant located within Aventura Mall. Plaintiffs were employed by the Defendants as part of the waiting staff, and whom were not paid overtime wages when they worked more than 40 hours weekly.

## RONCANCIO

11. Plaintiff RONCANCIO was employed by the Defendants from the period of 2002 through January 21, 2017. During the period of January, 2014 through approximately November 2016, Plaintiff worked as a food runner.

12. Plaintiff RONCANCIO worked an approximate average of 48 hours per week. Defendants would alter the time and pay records to reflect that Plaintiff only worked 40 hours per week. Plaintiff was paid for approximately 40 hours per week and was typically not paid any wages

for hours worked over 40 hour. Thus, Plaintiff RONCANCIO is owed approximately 8 overtime hours per week at a rate of time-and-one half the regular rate.

## **VARGAS GONZALEZ**

13. Plaintiff VARGAS was employed by the Defendants from the period of 2010 through November 27, 2015. During the period of January, 2015 through the end of his employment, Plaintiff was employed as a busser.

14. Plaintiff VARGAS worked an approximate average of 48 hours per week. Defendants would alter the time and pay records to reflect that Plaintiff only worked 40 hours per week. Plaintiff was paid for approximately 40 hours per week and was typically not paid any wages for hours worked over 40 hour. Thus, Plaintiff VARGAS is owed approximately 8 overtime hours per week at a rate of time-and-one half the regular rate.

## **CANO MIRANDA**

15. Plaintiff CANO was employed by the Defendants from the approximate period of February, 2010 through January 2014, and from approximately November, 2014 through January, 2016. During the period of approximately November, 2014 through January, 2016, Plaintiff was employed as a busser by the Defendants.

16. Plaintiff CANO worked an approximate average of 48 hours per week. Defendants would alter the time and pay records to reflect that Plaintiff only worked 40 hours per week. Plaintiff was paid for approximately 40 hours per week and was typically not paid any wages for hours worked over 40 hour. Thus, Plaintiff CANO is owed approximately 8 overtime hours per week at a rate of time-and-one half the regular rate.

### All Plaintiffs

17. Defendants were required to pay Plaintiffs their overtimes wages. Plaintiffs were not paid overtime wages at a rate of time and one half, when he worked more than 40 hours per week.

18. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiffs performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

19. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiffs' work schedule and further aware that Plaintiffs was working more than 40 hours per week. Defendants modified Plaintiffs' time and pay records to reflect that Plaintiffs worked fewer hours than they actually had, and paid Plaintiffs lesser wages than the amounts that were due to them. The management and/or owners of ROSALIA are aware of the requirements to pay overtimes wages, first because of the intentionally alteration of their time and pay records. Second, because other restaurants owned by the owners of the Defendants have had FLSA lawsuits filed against them for similar violations, yet, Defendants continued these violate practices. Defendants did not take adequate precautions, nor adjust their pay-practices, to accurately report the hours worked and correctly pay the wages that were due. Defendants failed to institute policies to prevent the same kind of violations at sister restaurants from occurring at

the present restaurant. Thus, Defendants have no good faith basis for failing to pay overtime wages, such that liquidated damages should be imposed.

20. The similarly situated individuals are those individuals whom were employed by the Defendants as part of the waiting staff, and whom like the Plaintiffs, were not paid overtime wages.

21. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: January 24, 2017

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (305) 308 - 5619
Email: DanielFeld.Esq@gmail.com
*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiff*
1150 Kane Concourse, Fourth Floor
Bay Harbor Islands, FL 33154
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com
*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561